FILED

2013 OCT 31  AM 10: 42

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAVID R. DEBURRO and CINDY TINCHER,
on behalf of themselves and all others similarly
situated,
      Plaintiffs,

-vs-                    Case No. A-13-CA-784-SS

APPLE, INC.,
      Defendant.

## O R D E R

BE IT REMEMBERED on the 15th of October, 2013, the Court called a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Defendant Apple, Inc.'s Motion to Strike Class Allegations [#84], and Plaintiffs David Deburro and Cindy Tincher's Response [#90]; Apple's Motion to Dismiss [#85], and Plaintiffs' Response [#97]; Unopposed Motions to Withdraw by certain counsel for Apple [#88] and Plaintiffs [#89];[1] and Plaintiffs' Motions to Strike Apple's Pending Motions [##93, 94], and Apple's consolidated Response [#96]. Having reviewed the documents, the governing law, the arguments of the parties at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a putative class action alleging two of Apple's laptop computer models—the MacBook and the MacBook Pro—are defective. More specifically, Plaintiffs allege the laptops

---

[1] These motions concern additional attorneys of record who are no longer working on the case. Lead counsel for both parties remain engaged in this matter.

contain faulty motherboards, referred to by Apple as "logic boards." The logic board holds the bulk of the internal components of the computers, and contains various connection ports such as the standard Universal Serial Bus (USB) port. According to Plaintiffs, Apple's defective logic boards result in USB ports not functioning, or in the laptop itself being rendered unusable.

Plaintiffs Deburro and Tincher purchased their MacBook Pro computers in July and August 2007, respectively, and complain the logic boards caused the laptops to cease functioning in July and February 2012, respectively. Both plaintiffs brought their laptops to an Apple Store and paid roughly $310.00 for replacement logic boards. Plaintiffs filed this suit in August 2012 in the United States District Court Southern District of Texas.[2] The case was eventually transferred to this Court on September 6, 2013.

## Analysis

### I. Plaintiffs' Motions to Strike

This case was previously transferred to this Court from the Southern District of Texas. At the time of the transfer, Apple had pending a motion to dismiss and motion to strike class allegations. As is the standard practice in this Court, those motions were not transferred to this docket as active motions. Apple conferred with Plaintiffs' counsel and ultimately re-filed the two motions after conforming the motions to the Local Rules of this Court.

---

[2] The lead named plaintiff in the original complaint was Omar Rosales, Plaintiffs' counsel. Rosales eventually dismissed himself from the suit when Apple pointed out the obvious conflict of interest Rosales faced in his dual role as plaintiff–attorney. *See Matassarin v. Lynch*, 174 F.3d 549, 559 (5th Cir. 1999) (affirming district court's holding the named plaintiff "could not serve as both the representative plaintiff and the class attorney; her duty to represent class interests would impermissibly conflict with her chance to gain financially from an award of attorneys' fees"); *see also Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978) ("[A]ttorneys who . . . themselves are members of the class of plaintiffs should be subject to a per se rule of disqualification under Canon 9 [of the Code of Professional Responsibility] and should not be permitted to serve as counsel for the class.").

Plaintiffs now cry foul, claiming the motions are substantively different than the motions filed in the Southern District and untimely filed. However, Plaintiffs do not identify any specific arguments or authorities they deem to be new. Other than being (ever-so-slightly) shorter, both motions are essentially the same as the motions previously filed. Plaintiffs' motions are DENIED. Alternatively, even if Plaintiffs were correct and the re-filed motions were untimely, this Court would grant Apple leave to re-file the motions out of time because Plaintiffs cannot be prejudiced by the re-filing of unresolved motions they already responded to in one court, and have responded to again in this Court.

## II.     Apple's Motion to Dismiss

### A.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B. Application**

Plaintiffs' Second Amended Complaint asserts the following causes of action: (1) common law fraud; (2) violations of the Texas Deceptive Trade Practices Act (DTPA); (3) violations of the Magnuson-Moss Warranty Act; (4) breach of implied warranty of fitness for a particular purpose; (5) breach of implied warranty of merchantability; (6) negligence; (7) money had and received; and (8) unjust enrichment. Apple moves to dismiss all claims in their entirety.

Although Plaintiffs filed a Response to the Motion to Dismiss, they largely do not engage with Apple's arguments. In fact, Plaintiffs' Response to the Motion to Dismiss is nearly identical to their Response to the Motion to Strike Class Allegations, focusing on Rule 23's requirements and issues like predominance. Plaintiffs appear to have the mistaken impression they can insulate their claims from Rule 12 review by labeling the suit as a class action. *See* Pl.'s Resp. [#97], at 18 ("The

focus of Defendant's wide-ranging Motion to Dismiss is improper. The correct focus at this stage of litigation, is whether or not Plaintiffs can certify a class.").

Plaintiffs are mistaken. The authorities Plaintiffs cite in support of their argument discuss the irrelevance of merits-based inquiries *when ruling on a class certification motion. See Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2183–84 (2011) (reviewing denial of class certification motion filed *after* an unsuccessful motion to dismiss); *Behrend v. Comcast Corp.*, 655 F.3d 182, 188 (3d Cir. 2011), *rev'd*, 133 S. Ct. 1426 (2013) (Rule 23(f) appeal from class certification order); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 608 (8th Cir. 2011) (appeal of class certification order); *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 229 (5th Cir. 2009) (citing the advisory committee's notes concerning Rule 23 for the proposition "an evaluation of the probable outcome on the merits is not properly part *of the certification decision*" (emphasis added)).[3]

There is no motion for class certification pending before this Court. Plaintiffs are not entitled to proceed directly with class-based discovery on meritless claims simply because they have filed a class action lawsuit. Rule 12 gives Apple the right to test the viability of Plaintiffs' substantive causes of action even before the class certification stage. The Court now turns to those causes of action.

1.   **Fraud**

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made

---

[3] Like the defendants in *Erica P. John Fund*, the defendants in *Alaska Electrical* moved to dismiss under Rule 12 before the certification motion was filed, just as Apple has done here. *Alaska Elc.*, 572 F.3d at 226. It was the district court's denial of the Rule 12 motions which allowed Alaska to later move for class certification. *Id.*

the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010). Federal Rule of Civil Procedure 9(b) requires fraud to be pleaded with particularity. FED. R. CIV. P. 9(b). The Fifth Circuit interprets Rule 9(b) to require "the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (internal quotation marks omitted).

Plaintiffs argue Apple committed fraud by representing its laptops "were functional and suitable for sale." 2d Am. Compl. [#58] ¶ 50. Plaintiffs also allege Apple knew of the defective logic boards but sold the laptops anyway, and Plaintiffs relied on Apple's "statements of suitability" in purchasing their MacBook Pro computers. *Id.* Apple argues these allegations are insufficient under Federal Rule of Civil Procedure 9(b) and Texas law. For a number of reasons, Apple has the better argument.

First, Plaintiffs have failed to identify any representations Apple made related to the logic boards. Instead, Plaintiffs point to various Apple press releases making generic comments about MacBook laptops. *E.g.*, 2d Am. Compl. [#58] ¶ 18 ("State of the Art, Breakthrough, Easy Access to Connections and Ports"); *id.* ¶ 19 ("The new MacBook is faster, has even more memory and storage, and is an ideal notebook for customers' growing library of digital music, photos and movies."); *id.* ¶ 22 ("portable powerhouses for creative and professional users"). Plaintiffs have not

identified any representation Apple made about the logic boards or even the life expectancy of the laptops generally.

Second, even if Apple did make relevant representations, and assuming those representations were material, Plaintiffs have not identified a single *false* representation. Many of the representations identified by Plaintiffs are mere puffery, incapable of being labeled true or false (e.g., "state of the art," "breakthrough"). Those representations which do state actual facts about the product do not relate to the logic boards, and thus are not false even assuming Plaintiffs' theory of defectiveness. For example, Apple represented users could "Connect a modem, iPod, iPhone, mouse, keyboard, printer, disk drive, digital camera, joystick, and more to your MacBook." 2d Am. Compl. [#58] ¶ 21. This is undeniably true: users can connect those devices. It would be false to represent the MacBook has USB ports when it does not have USB ports. It is not false to represent the MacBook has USB ports when it in fact has them, even if those ports may cease to function several years after the product's warranty has expired. Describing the functions of a product does not amount to a promise the product will never malfunction, degrade, or break down. Looking to another example, Plaintiffs also allege Apple claimed the MacBook was "faster" and had "more memory and storage" than previous laptops. *Id.* ¶ 19. Plaintiffs do not even allege these statements were false.

Third, Plaintiffs cannot argue Apple made any representations in 2007—the time Plaintiffs purchased their MacBook Pro laptops—with knowledge the logic boards were defective, and therefore knowledge those representations were false. This is because Plaintiffs' own pleading admits Apple had no knowledge of the defective logic boards until at least 2010. *Id.* ¶ 26 (alleging "Apple has been aware of these defects for nearly three years," and pointing to "December 2010"

as the earliest time Apple had knowledge of the alleged defect). Plaintiffs have pleaded their own fraud claim out of court.

Fourth, Plaintiffs have not pleaded reliance upon any representations made by Apple with sufficient particularity. Plaintiffs merely assert, in conclusory fashion, "Plaintiffs relied upon Apple's statements of suitability." *Id.* ¶ 50. In addition to being wholly generic (what statement? suitability for what purpose? for how long?), this statement is precisely the kind of "formulaic recitation of the elements of a cause of action" the United States Supreme Court found insufficient under Rule 8, much less under the stricter standards of Rule 9(b). *See Twombly*, 550 U.S. at 555. Plaintiffs do not plead they personally saw any of the press releases quoted in the Second Amended Complaint, or spoke to any Apple employees or representatives who made representations to them about the MacBook Pro. Plaintiffs are obviously dissatisfied customers who feel their laptops should have lasted more than five years without repair,[4] and now seek to claim they were defrauded six years ago when they made their purchases.

For all of these reasons, Plaintiffs have failed to plead a viable common law fraud claim. Moreover, Plaintiffs offer no defense of their fraud claims in their Response. In fact, Plaintiffs' Response makes clear Plaintiffs seek to chart an expedition into Apple's waters in hopes of catching a fraudulent fish. *See* Pl.'s Resp. [#97], at 16 ("Is it more likely that Apple was ignorant of any type of defect? Or is more [*sic*] likely that Apple chose to hide this information, not disclose these problems, and continue to sell laptops? This will be determined during Discovery and depositions of Senior Apple management."). Apple's motion to dismiss the fraud claim is GRANTED.

---

[4] At the hearing, this was, in essence, Plaintiffs' counsel's argument: Apple products are expensive, and therefore should last longer than these laptops lasted. Regardless of whether this is true, it is irrelevant to a fraud claim, particularly when Plaintiffs do not even allege Apple made any representations about how long its laptops would last.

2.  **DTPA**

The DTPA allows consumers[5] to sue when any "false, misleading, or deceptive act or practice" mentioned in the statute is relied upon by the consumer and is a producing cause of the consumer's damages. TEX. BUS. & COM. CODE § 17.50(a)(1); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). The statute contains a "laundry list" of "false, misleading, or deceptive acts or practices," including the following categories of acts alleged by Plaintiffs here: (1) representing a good has characteristics or benefits it does not have; (2) representing a good is of a particular quality when it is not; (3) advertising a good "with intent not to sell [it] as advertised," and (4) failing to disclose known information about a good with intent to induce a consumer into a transaction they otherwise would not have entered into. TEX. BUS. & COM. CODE § 17.46(b)(5), (7), (9), (24).

The first three of Plaintiffs' claims, regarding affirmative representations made about the MacBook Pro, encounter the same problems as their fraud claims. *See Boys Clubs*, 907 S.W.2d at 479–80 (DTPA misrepresentation claims must be based on actionable, false representations). As discussed in more detail above, Plaintiffs have not pleaded any specific representations made by Apple about its logic boards. The representations Plaintiffs do allege are either irrelevant, because they deal with aspects of the product not challenged in this suit (e.g., storage capacity), or are simple

---

[5] The statute is directed at *Texas* consumers. *See* TEX. BUS. & COM. CODE § 17.45(6) (defining statutory terms "trade" and "commerce" in terms of activity "directly or indirectly affecting the people of this state"); *Bass v. Hendrix*, 931 F. Supp. 523, 536 (S.D. Tex. 1996) (DTPA does not apply to activities which "took place in New York or Connecticut and were not directed toward a Texas resident"); *Birdsong v. Toyota Motor Credit Corp.*, No. 2000-CI-06279, 2002 WL 32830975, at *4 (Tex. Dist. May 15, 2002) ("The DTPA does not extraterritorially apply to acts occurring outside of Texas."). Deburro, a resident of Massachusetts, does not allege he purchased his MacBook Pro in Texas, or is in any way connected to the state of Texas. Deburro cannot invoke the DTPA to sue for conduct which occurred outside of Texas and did not affect him as a Texas resident. Deburro's claims must be dismissed for this reason alone, but the merits of the DTPA analysis alternatively justify dismissal.

puffery (e.g., "state of the art"). *See Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 462 (Tex. App.—Dallas 1990, writ denied) (puffery not actionable under DTPA). Additionally, Plaintiffs have not pleaded reliance, as neither Plaintiff claims to have seen any of the representations listed in the Second Amended Complaint prior to purchasing a MacBook Pro, nor have Plaintiffs alleged such representations actually induced them to purchase the product. *See* TEX. BUS. & COM. CODE § 17.50(a)(1)(B) (laundry list violation requires reliance "by a consumer to the consumer's detriment"); *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 30 (Tex. App.—San Antonio, no pet.) (same).[6]

Plaintiffs' fourth claim, regarding failure to disclose, also fails to state a claim. Such claims plainly require the seller to have knowledge of the withheld information at the time of sale. TEX. BUS. & COM. CODE § 17.46(b)(24) (concerning information "which was known at the time of the transaction"); *Boys Clubs*, 907 S.W.3d at 479 ("To be actionable under the DTPA, a failure to disclose material information necessarily requires that the defendant have *known* the information and have failed to bring it to the plaintiff's attention."). As with Plaintiffs' fraud claims, Plaintiffs have again pleaded themselves out of court by alleging Apple did not know about the defective logic boards until at least 2010.

For all of these reasons, Apple's motion to dismiss Plaintiffs' DTPA claims is GRANTED.

---

[6] There are additional DTPA causes of action which do not require reliance, such as "breach of an express or implied warranty." TEX. BUS. & COM. CODE § 17.50(a)(2). However, Plaintiffs expressly pleaded only "laundry list" DTPA claims. 2d Am. Compl. [#58] ¶ 56.

3. **Warranty Claims**

Apple challenges Plaintiffs' implied warranty claims, and related Magnuson-Moss claim, on the grounds Apple expressly disclaimed all implied warranties, or at least limited their duration to one year. Additionally, Apple contends Plaintiffs have failed to adequately plead any implied warranty claims. Plaintiffs offer no substantive defense of their warranty claims.

Texas law allows sellers to disclaim (or "exclude") implied warranties. To disclaim the implied warranty of merchantability, the disclaimer "must mention merchantability and in case of a writing must be conspicuous." TEX. BUS. & COM. CODE § 2.316(b); *Womco, Inc. v. Navistar Int'l Corp.*, 84 S.W.3d 272, 279 (Tex. App.—Tyler 2002, no pet.). To disclaim the implied warranty of fitness, "the exclusion must be by a writing and conspicuous." TEX. BUS. & COM. CODE § 2.316(b); *Womco*, 84 S.W.3d at 279. A disclaimer is "conspicuous" if a reasonable person "ought to have noticed it," as evidenced by features like contrasting type or font size. TEX. BUS. & COM. CODE § 1.201(10). "Whether a term is 'conspicuous' or not is a decision for the court." *Id.*

Apple includes a Limited Warranty with all of its products, including MacBook and MacBook Pro laptops. Apple provided such a warranty to all purchasers of MacBook Pro laptops in 2007 (i.e., Plaintiffs). Apple has provided a copy of the Limited Warranty supported by a business record affidavit. Mot. Dism. [#85-2], Ex. A. The Court considers the Limited Warranty because it is "referred to in the plaintiff's complaint and [is] central to [their] claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (internal quotation marks omitted); *see also id.* (consideration of such documents attached to a motion to dismiss "merely assists . . . the court in making the elementary determination of whether a claim has been stated"). Plaintiffs have also not objected to consideration of the Limited Warranty.

Apple's Limited Warranty covered the MacBook Pro for a period of one year from the date of the retail purchase. Mot. Dism. [#85-2], Ex. A, at 1. Within that year, Apple would repair or replace any covered hardware defect, or refund the purchase price of the laptop. *Id.* The Limited Warranty also contains a section labeled "**EXCLUSIONS AND LIMITATIONS**," which contains an all-caps disclaimer of "any and all statutory or implied warranties, including, without limitation, warranties of merchantability and fitness for a particular purpose and warranties against hidden or latent defects." *Id.* In the alternative, the Limited Warranty limits any warranties which could not be lawfully disclaimed to "the duration of the express warranty." *Id.* The Court finds this disclaimer was conspicuous, and Plaintiffs ought to have noticed it.

Based on this conspicuous disclaimer of all implied warranties, and the provision of a one-year express warranty, Plaintiffs breach of implied warranty claims fail. "Texas Courts have consistently held that where there is an express written warranty, the seller will not be bound beyond the terms of the warranty." *Lankford v. Rogers Ford Sales*, 478 S.W.2d 248, 250 (Tex. Civ. App.—El Paso 1972, writ ref'd n.r.e.). "It follows that where such express warranty provides, as the one before us does, that it is given in lieu of any other express or implied warranty, including any implied warranty of merchantability or fitness, the purchaser cannot rely upon breach of implied warranties." *Emmons v. Durable Mobile Homes, Inc.*, 521 S.W.2d 153, 154 (Tex. Civ. App.—Dallas 1974, writ ref'd n.r.e.). Deburro's warranty expired in July 2008. Tincher's warranty expired in August 2008. Both Plaintiffs do not complain of any defect or problem prior to 2012, nearly four years after their warranties expired. 2d Am. Compl. ¶¶ 12, 13. Whether Apple disclaimed or merely limited the implied warranties, Plaintiffs have not stated a claim for breach of any implied warranty,

and Apple's motion to dismiss the breach of implied warranty claims is GRANTED. Alternatively, the Court will briefly address the merits of the claims assuming the warranties were not disclaimed.

With respect to Plaintiffs' implied warranty of merchantability claim, Apple's MacBook Pro laptops were merchantable at the time they were purchased by Plaintiffs. To be merchantable, goods must be, among other things, "fit for the ordinary purposes for which such goods are used." TEX. BUS. & COM. CODE § 2.314(b)(3). Plaintiffs claim their MacBook Pro laptops were not fit for use because the logic boards failed five years after purchase. Plaintiffs lodge no complaints about the computers prior to the alleged logic board failures. "A product which performs its ordinary function adequately does not breach the implied warranty of merchantability merely because it does not function as well as the buyer would like, or even as well as it could." *Gen. Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998). Plaintiffs' products functioned adequately for nearly five times longer than Apple warranted them to function. Plaintiffs believe their products should have lasted even longer without repair, but there is no requirement goods must last forever in order to be merchantable. Additionally, because the laptops functioned adequately for several years after leaving Apple's control, and because Apple (by Plaintiffs' admission) had no knowledge of any defects in 2007, there is no indication the laptops were "defective at the time they left the manufacturer's or seller's possession." *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex. 1989). Apple's motion to dismiss the breach of implied warranty of merchantability claim is GRANTED.

Turning to Plaintiffs' implied warranty of fitness for a particular purpose claim, Plaintiffs' claim fails because they have not pleaded any particular purpose, other than ordinary use, communicated to Apple at the time of sale. TEX. BUS. & COM. CODE § 2.315 (requiring seller to have "reason to know any particular purpose for which the goods are required and that the buyer is relying

-13-

on the seller's skill or judgment to select or furnish suitable goods"); *Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493, 503 (Tex. App.—Eastland 2002, pet. denied) ("The particular purpose must be a particular non-ordinary purpose."). Apple's motion to dismiss the breach of implied warranty of fitness for a particular purpose claim is GRANTED.

Lastly, the Magnuson-Moss Warranty Act "creates a statutory cause of action for consumers 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract.'" *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (quoting 15 U.S.C. § 2310(d)(1)). However, the Act "does not provide an independent basis for liability, but instead provides a federal cause of action for state law express and implied warranty claims." *Taliaferro v. Samsung Telecomm. Am., LLC*, No. 3:11-CV-1119-D, 2012 WL 169704, at *10 (N.D. Tex. Jan. 19, 2012). Plaintiffs' Magnuson-Moss claims are thus contingent upon their state law warranty claims, and the failure of those state law claims requires dismissal of the federal claims as well. *Id.* at *11; *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). Apple's motion to dismiss the Magnuson-Moss Warranty Act claims is GRANTED.

4.  **Negligence**

Apple contends Plaintiffs' negligence claim is barred by the economic loss doctrine. This doctrine "has been applied to preclude tort claims brought to recover economic losses against the manufacturer or seller of a defective product where the defect damages only the product and does not cause personal injury or damage to other property." *Pugh v. Gen. Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 91 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (internal quotation marks

omitted); *see also Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir. 1995) ("Texas does not permit recovery under a negligence theory for economic loss resulting from damage to a defective product."). At the hearing, Plaintiffs' counsel conceded the negligence claim is barred by this rule. Apple's motion to dismiss the negligence claim is GRANTED.

### 5. Equitable Relief

Plaintiffs have also alleged causes of action for unjust enrichment and money had and received. These similar equitable remedies are unavailable when contractual obligations, such as the Limited Warranty in this case, govern the parties' conduct. *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex. App.—Dallas 2010, no pet.) (warranty contract precluded recovery on unjust enrichment, money had and received, and promissory estoppel claims); *see also Taliaferro*, 2012 WL 169704, at *9 (warranty precluded recovery under money had and received theory). Apple's motion to dismiss these equitable claims is GRANTED.

## III. Apple's Motion to Strike Class Allegations

Because the Court finds the named Plaintiffs have failed to state any claim for which relief can be granted, the Court need not consider whether Plaintiffs' class allegations survive.

## Conclusion

Plaintiffs purchased laptops from Apple six years ago, and were disappointed when those laptops malfunctioned and required repairs five years after they purchased them and four years after the products' warranties had expired. As Plaintiffs' counsel expressed at the hearing, Plaintiffs believe expensive Apple products should last longer. This sentiment is a fine basis for purchasing an extended warranty from Apple, or from purchasing products from Apple's competitors in the future. It is not a basis for a class action lawsuit against Apple. Plaintiffs have failed to state any

claim for which relief can be granted, and failed to show themselves entitled to any relief in either law or equity.

This case has been pending for fourteen months, Plaintiffs have amended their complaint multiple times, and the case still has progressed only to the Rule 12 stage. The Court finds granting Plaintiffs leave to amend a third time would be futile, as Plaintiffs have consistently failed to allege basic facts necessary to support their claims, even when Apple filed a motion to dismiss *expressly identifying* facts needed to state viable claims ten months ago. *See* Mot. Dism. 1st Am. Compl. [#30] (filed in the Southern District of Texas on December 12, 2012). The inescapable conclusion is Plaintiffs cannot allege such facts (e.g., reliance on any particular representations made by Apple) because there is no good faith basis for doing so. The Court therefore declines to grant leave to amend yet again and dismisses the claims with prejudice.

Accordingly,

IT IS ORDERED that Defendant Apple, Inc.'s Motion to Strike Class Allegations [#84] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Apple's Motion to Dismiss [#85] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motions to Strike Apple's Pending Motions [##93, 94] are DENIED;

IT IS FINALLY ORDERED that the Unopposed Motions to Withdraw by counsel for Apple [#88] and Plaintiffs [#89] are GRANTED.

SIGNED this the 30th day of October 2013.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE